UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT L. WHITE                                    CRIMINAL ACTION

VERSUS                                             NO: 12-2906

N. BURL CAIN, Warden,                              SECTION: R(4)
Louisiana State Penitentiary

**<u>ORDER AND REASONS</u>**

Petitioner Robert White moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] Because White failed to state the specific issues he intends to raise on appeal, the Court DENIES White's motion.

I.  **BACKGROUND**

White is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, after his conviction for armed robbery under Louisiana law.[2] On January 28, 2013, White filed a petition for writ of *habeas corpus*.[3] Magistrate Judge Roby, having determined that an evidentiary hearing was unnecessary, recommended that White's petition for *habeas corpus* be denied and dismissed with prejudice.[4] This Court approved the Magistrate Judge's Report

---

[1]  R. Doc. 21.

[2]  R. Doc. 16 at 1.

[3]  R. Doc. 3.

[4]  R. Doc. 16.

and Recommendation and adopted it as its opinion on July 7, 2014.[5] In addition, the Court denied White a certificate of appealability.[6] White now moves to proceed with his appeal *in forma pauperis*.

**II. STANDARD**

A plaintiff may proceed with an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis. See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle,* 681 F.2d 946, 947 (5th Cir. 1982). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows,* 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch,* No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

---

[5] R. Doc. 18.

[6] *Id.*

2

A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the ... appeal and affiant's belief that the person is entitled to redress").

**III. DISCUSSION**

White's motion to proceed *in forma pauperis* indicates that his current inmate account balance is $119.55, and his average monthly deposits for the preceding six months are $88.00.[7] White indicates that he has no other assets.

Although White's motion to proceed *in forma pauperis* suggests his inability to pay fees related to his appeal, his motion must be denied because he has not indicated to the Court the issues he intends to pursue on appeal as required under Federal Rule of Appellate Procedure 24(a)(1)(C) and 28 U.S.C. § 1915(a)(1). His *in forma pauperis* motion and notice of appeal contain no indication of the issues that White intends to present on appeal.[8] Without such specification, White's *in forma pauperis* motion must be denied. *See McQueen v. Evans,* No. 95-50474, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (per curiam) (failure to present issue for appeal in

---

[7] R. Doc. 21 at 2.

[8] R. Doc. 20; R. Doc. 21.

an *in forma pauperis* motion constitutes abandonment of that issue); see also *McKinsey v. Cain*, No. 09-7729, 2011 WL 2945812, at *1 (E.D. La. July 15, 2011) (denying *in forma pauperis* motion that failed to specify the issues to be raised on appeal).

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES petitioner's motion to proceed *in forma pauperis* on appeal. Petitioner may refile his motion with the necessary specification of the issues he intends to appeal.

New Orleans, Louisiana, this 24th day of September, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE